UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO RODAS FERNANDEZ,

Petitioner,

v.

WARDEN,

Respondent.

No.  2:26-cv-00494-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On February 19, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that he is a danger to the community or a flight risk.  (Doc. No. 2.)  On February 20, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC (HC), 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), where the court concluded that, because the petitioner had

1

previously been paroled under 8 U.S.C. § 1182(d)(5), due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release. (Doc. No. 8.)

On February 20, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 9.) Respondents concede therein that there does not appear to be any substantive distinctions between this case and *Rocha Chavarria*. (*Id.* at 1.) Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction. (*Id.*) Moreover, respondents state that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing. (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner previously encountered immigration authorities and, on January 29, 2024, was paroled into the United States. (Doc. No. 1 at 4.) However, on January 9, 2026 petitioner was detained by immigration authorities despite complying with the conditions of his release. (*Id.* at 4–5.)

Because respondents have conceded that this case is not substantively distinct from the court's prior order in *Rocha Chavarria*, the court incorporates and adopts the reasoning set forth in that order and finds that petitioner's continued detention violates due process.

For the reasons above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.     Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his re-detention on January 9, 2026;

    b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk;

2

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby

DENIED as having been rendered moot in light of this order;

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and

to close this case.

IT IS SO ORDERED.

Dated:    **February 25, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE